UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| VICTOR VINCENT ASUNCION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR,<br><br>　　　　Defendant. | Case No. 17-cv-05970-LB<br><br>**ORDER OF SERVICE**<br><br>Re: ECF No. 1 |

# INTRODUCTION

Victor Vincent Asuncion, an inmate currently housed at the California Substance Abuse Treatment Facility in Corcoran, filed this *pro se* prisoner's civil action for relief under the Americans With Disabilities Act ("ADA"). He consented to proceed before a magistrate judge. (ECF No. 4.)[1] His complaint is now before the court for review. This order finds that the complaint states cognizable claims and orders service of process on the lone defendant.

# STATEMENT

Mr. Asuncion alleges the following in his complaint about events and omissions that occurred at Salinas Valley State Prison, where he was housed in about 2016-2017:

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

ORDER – No. 17-cv-05970-LB

Mr. Asuncion was identified by the California Department of Corrections and Rehabilitation (CDCR) as a disabled person under the *Armstrong* Remedial Plan[2] and was deemed a "qualified individual" under that plan. (ECF No. 1 at 4.) His disability apparently was based on his back problems: he had lumbar foraminal stenosis and "relied upon the full-time use of a 4-wheel/seated walker ambulating device." (ECF No. 1 at 6.)

Mr. Asuncion encountered the following problems at Salinas Valley due to his disability. First, he was denied "the ability to idle/park" on the track in the prison yard and had to walk continuously for hours each day while attending yard because the prison had a no-loitering-on-the-track policy. (*Id.* at 4, 6.) Apparently, non-disabled inmates could simply step off the track if they wanted to remain stationary, but he could not do so because the ground off the track was unsuitable for his walker. Second, he could not make full use of the ADA shower because there were too many ADA inmates for the shower time available. Only about a third of the ADA inmates could use the shower each day. *Id.* Third, his access to canteen and laundry exchange services offered in the patio area was impeded because he and other ADA inmates were not allowed to access the patio by a particular gate that was supposed to be made available to ADA inmates. (*Id.* at 7.) ADA inmates thus had to take a longer route to the patio, which caused unnecessary pain and made him and other ADA inmates last in line for all services on the patio. Fourth, Salinas Valley intercepted and inspected legal mail from the Prison Law Office to him concerning ADA issues. (*Id.*) Fifth, Mr. Asuncion was not able to use a computer in the law library that was supposed to be made available to disabled inmates, such as him. (*Id.* at 8.) Sixth, although the prison had a policy that disabled inmates were to be released early to the dining hall, Mr. Asuncion was not released early to the dining hall. (*Id.* at 9, 12.) As a result of not being released to the dining hall early and the door not being held ajar, Mr. Asuncion had to enter and/or

---

[2]*Armstrong* is a class action involving a "certified class of all present and future California state prison inmates and parolees with disabilities [who] sued California state officials in their official capacities, seeking injunctive relief for violations of the [Rehabilitation Act] and the ADA in state prisons." *Armstrong v. Wilson*, 124 F.3d 1019, 1021 (9th Cir. 1997).

1  exit through a heavy door with his walker while both holding that door open and balancing his
2  meal tray.

3  Mr. Asuncion repeatedly alerted prison officials to the above-mentioned problems he was encountering with regard to his access to services and programs as an ADA inmate. His requests and complaints were not investigated and he was not allowed to participate in interviews about the failure to comply with the *Armstrong* Remedial Plan. Some of the problems eventually were remedied, but the remedies were slow to occur.

Mr. Asuncion seeks damages in his complaint. (*Id.* at 5.) He does not request any injunctive relief.

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and § 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 *et seq.* ("RA"), prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion,

denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). A cause of action under § 504 of the RA essentially parallels an ADA cause of action. *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Monetary damages are not available under Title II of the ADA absent a showing of discriminatory intent. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998). To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. *Duvall*, 260 F.3d at 1138. Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. *Id.* at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. *Id.* The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. *Id.* at 1139-40. Punitive damages may not be awarded in suits brought under Title II of the ADA. *Barnes v. Gorman*, 536 U.S.181, 189 (2002).

Liberally construed, the complaint states a claim for damages under the ADA and RA based on the allegations that the CDCR, as the public entity operating Salinas Valley State Prison, failed to provide reasonable accommodations for Mr. Asuncion as a disabled person. The complaint, liberally construed, adequately alleges the deliberate indifference required to support a claim for monetary damages.

The court notes that Mr. Asuncion's complaint was exceedingly difficult to read because his handwriting is cramped, there are too many lines per page, and he submitted a poor quality photocopy rather than an ink original. The complaint also was unnecessarily longwinded due to repetitiousness. The court reads at least hundreds of pages of filings each week and therefore requires strict compliance with page and line-spacing limits for both represented and *pro se* litigants. Mr. Asuncion must in all future filings comply with the following rules about formatting and scheduling. First, any motion, legal brief or declaration he files may have text on only one side of a page, must be double-spaced with no more than 28 lines per page (except that quotations

United States District Court
Northern District of California

1 may be single-spaced), and any typewritten text must be at least 12-point type. *See* N.D. Cal.
2 Local Rule 3-4(c). Second, any motion -- including the notice of motion as well as the legal
3 argument (also known as the points and authorities) in support of the motion -- may not exceed 25
4 pages in length. N.D. Cal. Local Rule 7-2. Any opposition brief or memorandum of points and
5 authorities may not exceed 25 pages of text, and any reply may not exceed 15 pages to text. N. D.
6 Cal. Local Rule 7-3. After the reply is filed, no further argument, briefing or evidence may be
7 submitted. All motions will be decided on the papers without oral argument unless the Court
8 specifically orders otherwise. Third, the court accepts handwritten as well as typed documents, but
9 does require that any filing be legible; Mr. Asuncion must make a much greater effort to handwrite
10 neatly if he submits handwritten documents in the future. Failure to comply with any of these
11 requirements will result in the Court striking and disregarding the non-compliant documents.

## CONCLUSION

1. Liberally construed, the complaint states cognizable claims against the California Department of Corrections and Rehabilitation for violations of the ADA and RA. All other claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and amended complaint, a copy of all the documents in the case file, and a copy of the "consent or declination to magistrate judge jurisdiction" form upon the California Department of Corrections and Rehabilitation.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **March 30, 2018**, the defendant must file and serve a motion for summary judgment or other dispositive motion. If the defendant is of the opinion that this case cannot be resolved by summary judgment, the defendant must so inform the court prior to the date the motion is due. If the defendant files a motion for summary judgment, the defendant must provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time it files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based

1 on nonexhaustion of administrative remedies, the defendant must comply with the notice and
2 procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

     b.     The plaintiff must serve and file his opposition to the summary judgment or other dispositive motion no later than **April 27, 2018**. The plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

     c.     If the defendant wishes to file a reply brief, the reply brief must be filed and served no later than **May 11, 2018.**

4. The plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, the defendant is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

5. All communications by the plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's

counsel has been designated, the plaintiff may serve a document by mailing a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. The plaintiff is responsible for prosecuting this case. The plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or is released from custody.

8. The plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the court for consideration in this case.

**IT IS SO ORDERED.**

Dated: January 9, 2018

LAUREL BEELER
United States Magistrate Judge