UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| VICTOR VINCENT ASUNCION,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR,<br><br>    Defendant. | Case No. 17-cv-05970-LB<br><br>**ORDER GRANTING SUMMARY JUDGMENT FOR THE DEFENDANT**<br><br>Re: ECF No. 22 |

## INTRODUCTION

Victor Vincent Asuncion filed this *pro se* prisoner's civil action for relief under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA") and § 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 *et seq.* ("RA"). The parties have consented to proceed before a magistrate judge. (ECF Nos. 4, 14.[1]) The defendant has filed an unopposed motion for summary judgment. This order grants the motion for summary judgment and dismisses the action because Mr. Asuncion did not exhaust his administrative remedies before filing this action.

---

[1] Citations are to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

**STATEMENT**

**1. Allegations in the Complaint**

The events and omissions giving rise to the complaint in this action occurred at Salinas Valley State Prison, where Mr. Asuncion was housed in about 2016-2017.

Mr. Asuncion alleges in his verified complaint that he was identified by the California Department of Corrections and Rehabilitation ("CDCR") as a disabled person under the *Armstrong* Remedial Plan[2] and was deemed a "qualified individual" under that plan. (ECF No. 1 at 4.) His disability apparently was based on his back problems as he alleges that he had lumbar foraminal stenosis and "relied upon the full-time use of a 4-wheel/seated walker ambulating device." (ECF No. 1 at 6.)

In his complaint, Mr. Asuncion alleges that he encountered the following problems at Salinas Valley due to his disability. First, he was denied "the ability to idle/park" on the track in the prison yard and had to walk continuously for hours each day while attending yard because the prison had a no-loitering-on-the-track policy. (*Id.* at 4, 6.) Apparently, non-disabled inmates could simply step off the track if they wanted to remain stationary, but he could not do so because the ground off the track was unsuitable for his walker. Second, he could not make full use of the ADA shower because there were too many ADA inmates for the shower time available. Only about a third of the ADA inmates could use the shower each day. *Id.* Third, his access to canteen and laundry exchange services in the patio area was impeded because he and other ADA inmates were not allowed to access the patio by a particular gate that was supposed to be made available to ADA inmates. (*Id.* at 7.) ADA inmates thus had to take a longer route to the patio, which caused unnecessary pain and made him and other ADA inmates last in line for all services on the patio. Fourth, Salinas Valley intercepted and inspected his legal mail from the Prison Law Office concerning ADA issues. (*Id.*) Fifth, Mr. Asuncion was not able to use a computer in the law

---

[2]*Armstrong* is a class action involving a "certified class of all present and future California state prison inmates and parolees with disabilities [who] sued California state officials in their official capacities, seeking injunctive relief for violations of the RA and the ADA in state prisons." *Armstrong v. Wilson*, 124 F.3d 1019, 1021 (9th Cir. 1997).

library that was supposed to be available to disabled inmates. (*Id.* at 8.) Sixth, although the prison had a policy that disabled inmates were to be released early to the dining hall, Mr. Asuncion was not released early to the dining hall. (*Id.* at 9, 12.) As a result of not being released to the dining hall early and the door not being held ajar, Mr. Asuncion had to enter and/or exit through a heavy door with his walker while both holding that door open and balancing his meal tray.

**2. Inmate Requests and Appeals**

The following facts are undisputed unless otherwise noted.

The CDCR has established procedures for California inmates seeking accommodations under the ADA. An inmate seeking a reasonable accommodation to enable him or her to access or participate in a program, service, or activity is required to submit a request on a CDCR-1824 Reasonable Accommodation Request.[3] An inmate alleging disability-based discrimination also is required to submit a request on a CDCR-1824. (ECF No. 22-3 at 2 (Sullivan Decl.).)

Once a CDCR-1824 is received, a Reasonable Accommodation Panel will convene within five working days to review the inmate's CDCR-1824 and make a determination regarding the inmate's request. A CDCR-1824 non-emergency request is typically completed and returned to the inmate within 30 calendar days. If the inmate is dissatisfied with the CDCR-1824 decision, the Reasonable Accommodation Panel will advise the inmate to file an administrative appeal under California Code of Regulations, title 15, section 3084.1. (ECF No. 22-3 at 2 (Sullivan Decl.).)

Mr. Asuncion did not submit a CDCR-1824 regarding the ADA/RA claim or any of the six specific problems he alleges in his complaint. ((ECF No. 22-3 at 3 (Sullivan Decl.); ECF No. 22-2 at 40 (Asuncion Depo., RT 92).)

---

[3]The form, like other prison forms, is more commonly known to the parties by its form number. The court also will refer to the forms by their form numbers. The four forms mentioned in this order are:
-CDCR-602: Inmate appeal form
-CDCR-602 HC: Inmate appeal form for health-care issues
-CDCR-1824: Reasonable Accommodation Request
- CDCR-1845: Reasonable Accommodation form (to document the accommodation)

ORDER – No. 17-cv-05970-LB 3

1    Mr. Asuncion did not submit a regular CDCR-602 inmate appeal form regarding the ADA/RA claim, or any of the six specific problems, he alleges in his complaint in this action. (ECF No. 22-4 at 2-3 (Voong Decl.); ECF No. 22-2 at 40-41 (Asuncion Depo., RT 92-93).)

Mr. Asuncion filed one health-care CDCR-602 HC inmate appeal that potentially concerned a portion of the ADA/RA claim he alleges in his complaint in this action. Specifically, he filed a CDCR-602 HC (log no. SVSP HC 16056116) on August 25, 2016. (ECF No. 22-1 at 4-5 (Gates Decl.).) In that inmate appeal, Mr. Asuncion wrote that his recently issued CDCR-1845 reasonable-accommodation form had a mistake: it had the "DPM" box checked (apparently indicating a disability type) but did not have the "disability confirmed" box checked. (ECF No. 22-1 at 17.) As a result of the mistake on the CDCR-1845, the guards would not let him eat early, and he was not able to shower in the ADA showers. (ECF No. 22-1 at 17.) For relief, he requested that his CDCR-1845 "be fixed ASAP and have a DPM sign on my door and be able to go to early chow release and able to take showers on ADA showers." (*Id.* (errors in source).)

The first-level response partially granted Mr. Asuncion's CDCR-602 HC (log no. SVSP HC 16056116) appeal on October 5, 2016. (ECF No. 22-1 at 13.) The response noted that Mr. Asuncion had been scheduled for an interview by Dr. Fu and, because he refused to attend the appointment, a chart review was conducted to resolve his problem. The first-level response (a) stated that Mr. Asuncion was tentatively scheduled for an appointment with his primary-care provider in the next few days to discuss the alleged mistake on the CDCR-1845 and (b) denied the request to put a sign on Mr. Asuncion's cell door because that was beyond the scope of relief available from the health-care staff and would have to be raised by Mr. Asuncion with the custody staff. (ECF No. 22-1 at 13.) The first level response stated that, if Mr. Asuncion had "an issue with custody staff [he is] encouraged to communicate with custody staff to resolve[] the problem or submit a separate appeal to [his] Institution Appeals Office." (*Id.*) Mr. Asuncion did not pursue this inmate appeal after receiving the first-level response.

Mr. Asuncion filed several other inmate appeal forms during his stay at Salinas Valley State Prison, and some of those appeals received a decision at the director's level (the highest level).

1  (ECF No. 22-4 at 5 (appeal history log).) None of those inmate appeals concerned the ADA/RA claim or any of the specific problems mentioned in the complaint. (*Id.* at 3 (Voong Decl.).)

## SUMMARY-JUDGMENT STANDARD

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc*., 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex,* 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Nissan Fire & Marine Ins. Co., Ltd*., 210 F.3d at 1103. The nonmoving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See Devereaux*, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *See Celotex*, 477 U.S. at 323.

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence that would entitle him to a directed verdict if the evidence went uncontroverted at trial. *See Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for nonexhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of proof remains with the defendant, however. *Id*. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, *id.* at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," *id.* at 1170-71.

In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Mr. Asuncion's complaint is signed under penalty of perjury and the facts therein are evidence for purposes of evaluating the defendant's motion for summary judgment.

## ANALYSIS

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Id.* at 90.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. *Id.* § 3084.1(b), § 3084.7(d)(3); *see also id.* at §§ 3999.226 – 3999.230 (formerly §§ 3087.2 – 3087.5) (health-care appeals).

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations"). California prisoners are required to lodge their administrative complaint on a CDCR-602 (or a CDCR-602 HC for a health-care matter). The level of specificity required in the appeal is described in a regulation:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. . . . The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(3-4).

Exhaustion of administrative remedies may occur if, despite the inmate's failure to comply with a procedural rule, prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process. *Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016); *e.g., id.* at 659 (although inmate failed to identify the specific doctors, his grievance plainly put prison on notice that he was complaining about the denial of pain medication by the defendant doctors, and prison officials easily identified the role of pain management committee's involvement in the decision-making process).

The CDCR has moved for summary judgment as to the ADA/RA claim on the ground that Mr. Asuncion did not properly exhaust administrative remedies because he did not file any inmate appeal that received a decision from the third, or highest, level in the inmate appeals system about the events or omissions giving rise to the ADA/RA claim in this action. The CDCR has demonstrated that the only inmate appeal that Mr. Asuncion filed that potentially concerned the events and omissions giving rise to his complaint was his health-care inmate appeal in which he complained that a mistake on the CDCR-1845 was preventing him from going to eat early and from showering in the ADA shower area. The assertion in the inmate appeal that he was prevented from going to eat early roughly corresponds to the sixth problem Mr. Asuncion identifies in the complaint, i.e., that he was not released early to the dining hall. The assertion in the inmate appeal that he was unable to shower does not correspond with the second problem Mr. Asuncion identifies in the complaint regarding the showers because the latter concerns the overall availability of showers for the number of ADA inmates housed at the prison, rather than prison officials' refusal to let Mr. Asuncion use those ADA showers. More importantly, that inmate appeal had not been fully granted at the first level and was never pursued further. Mr. Asuncion never received a decision at the third, or highest, level concerning the ADA/RA claim (or any

portion of it) he alleges in the complaint. On the undisputed evidence in the record, no trier of fact could conclude other than that Mr. Asuncion failed to properly exhaust the available remedies.

The CDCR has carried its burden to demonstrate that there were available administrative remedies for Mr. Asuncion and that Mr. Asuncion did not properly exhaust those available remedies as to his ADA/RA claim. The undisputed evidence shows that California provides an administrative-remedies system for California prisoners to complain about their conditions of confinement and that Mr. Asuncion used that California inmate-appeal system to complain about other events, but that Mr. Asuncion did not ever receive a director's level decision on his ADA/RA claim, or any of the problems listed in that claim, before filing this action. Mr. Asuncion therefore did not properly exhaust his administrative remedies for his ADA/RA claim. *See Ngo*, 548 U.S. at 90.

Once the defendant met its initial burden, the burden shifted to Mr. Asuncion to come forward with evidence showing that something in his particular case made the existing administrative remedies effectively unavailable to him. *See Albino*, 747 F.3d at 1172. Mr. Asuncion did not oppose the motion at all, and his verified complaint does not make any showing that the existing administrative remedies were effectively unavailable to him. Mr. Asuncion has not met his burden to show that administrative remedies were effectively unavailable to him. Defendant is entitled to judgment as a matter of law on his affirmative defense that Mr. Asuncion did not exhaust administrative remedies for his claim.

## CONCLUSION

The court grants the CDCR's motion for summary judgment. (ECF No. 22.) The court dismisses the action without prejudice to Mr. Asuncion's filing a new action against the CDCR asserting his ADA/RA claim if he ever properly exhausts his administrative remedies.

The court directs the Clerk to close the file.

**IT IS SO ORDERED.**

Dated: October 29, 2018

_____
LAUREL BEELER
United States Magistrate Judge

ORDER – No. 17-cv-05970-LB        9